O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNEMARIE MCCARTHY o/b/o DANIEL MCCARTHY,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 06-109 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff, on behalf of her deceased husband Daniel McCarthy ("Daniel"), is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Daniel's claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

Daniel was born on March 5, 1944. [Administrative Record ("AR") at 39.] On

September 6, 2002, Daniel applied for DIB, alleging an onset date of April 1, 1995, due to a broken hip, dizziness, respiratory problems, diabetes, clinical depression, a spinal injury, and blurred vision. [AR at 11, 52.] The Social Security Administration denied this application initially, on reconsideration, and after an administrative hearing before the Administrative Law Judge ("ALJ"). [AR at 24-27, 29-32, 195-217.] The Appeals Council denied review on December 5, 2005. [AR at 3-5.] Therefore, the ALJ's decision became the final decision of the Commissioner. [AR at 3.] Plaintiff then commenced this action for judicial review.

Plaintiff stipulates that the ALJ's decision fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions. In the JS, Plaintiff asserts the ALJ erred by failing to obtain testimony from a medical advisor regarding the onset date of Daniel's depressive disorder. The Commissioner disagrees. After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contention lacks merit and is rejected for the reasons expressed by the Commissioner in her portion of the JS and the following reasons.

To obtain disability benefits, a claimant must demonstrate that he was disabled for twelve continuous months prior to his date last insured ("DLI"). *See* 42 U.S.C. § 423(c); *see also Armstrong v. Commissioner of Social Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). An ALJ has a duty to fully develop the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), but this duty is only triggered when the evidence in the record is ambiguous or inadequate to allow the ALJ to reach a decision. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

The record establishes that the ALJ properly concluded that the medical records did not show that Daniel suffered from a medically determinable mental impairment prior to his DLI of June 30, 1997. [Administrative Record ("AR") at 16.] For example, the earliest medical record containing even a hint of a concern about a mental condition was in September 1998, when one of Daniel's doctors indicated that Daniel may suffer from

depression. [AR at 16, 244.] The ALJ found this record was not significant because the diagnosis was made more than a year after Daniel's DLI and appeared to be solely based on Daniel's subjective complaints. [AR at 16]; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted'")(quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). The ALJ also noted that some of Daniel's own statements suggested that his depression had not been longstanding. [AR at 16.] When Daniel underwent his consultative psychiatric examination in September 2002, Daniel reported that he had suffered from depression for "at least two years." [AR at 16, 286.] This report was written over five years after Daniel's DLI, and there is no indication that Daniel said anything about suffering from a mental impairment prior to June 30, 1997. [AR at 286.]

Plaintiff also contends that the ALJ erred by failing to discuss a medical record from September 1993 indicating that Daniel experienced a weight loss that was related to alcohol use ("Wt loss-etoh"). [JS at 6-7; AR at 284.] Plaintiff argues that the ALJ should have analyzed this record under the criteria set forth in 12.09 of the Listings, and examined whether there was a correlation between Daniel's alcohol use and depression. 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.09. However, Plaintiff relies on nothing more than mere speculation to show a connection between Daniel's weight loss and alleged mental impairment. There is no indication in the record that Daniel's weight loss and use of alcohol in 1993 was related to depression or any other medically determinable mental impairment. Indeed, Daniel was able to continue working until April 1995, despite any alcohol-related weight loss. [AR at 11.] Because the ALJ properly found that Daniel did not suffer from a severe mental impairment prior to his DLI, the ALJ was not obligated to examine whether Daniel's impairment or combination of impairments met or equaled Listing 12.09. 20 C.F.R § 404.1520(c).

Further, the Court finds the record in this case establishes that the medical evidence

1  regarding the onset date of Daniel's depression is not ambiguous or inadequate. Prior to
2  Daniel's DLI, the record does not discuss or indicate anything about depression or
3  concerns about Daniel being depressed, much less evidence showing he suffered from
4  disabling depression.  Given these circumstances, the ALJ was not obligated to call a
5  medical advisor or further develop the record to determine an onset date. *See Mayes*, 276
6  F.3d at 459-60.

## II. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED.  The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   December 11, 2006        /s/   ARTHUR NAKAZATO
                                        ARTHUR NAKAZATO
                                   UNITED STATES MAGISTRATE JUDGE